**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| TEMIRIAM THOMAS, on behalf of herself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| Plaintiff, | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| TOBIAS & ASSOCIATES INC. d/b/a GETMEHEALTHCARE | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |
| __________________________________/ | | |

Plaintiff Temiriam Thomas (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Tobias & Associates Inc. d/b/a Getmehealthcare ("Tobias & Associates") made pre-recorded telemarketing calls to cellphones, including her own.

3. Ms. Thomas also alleges that Tobias & Associates uses automated systems to make telemarketing calls from Florida, and that by doing so, Tobias & Associates has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

4. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Temiriam Thomas is an individual.

7. Defendant Tobias & Associates, Inc. is a Florida corporation located in this District.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has general jurisdiction over Tobias & Associates because it is headquartered in this District

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telemarketing calls that are the subject of this lawsuit were sent and organized from this District.

## TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

13. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

<u>The Florida Telephone Solicitations Act</u>

16. The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

17. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

18. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

19. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

20. Defendant Tobias & Associates is a "person" as the term is defined by 47 U.S.C. § 153(39).

21. At no point has the Plaintiff sought out or solicited information regarding Defendant Tobias & Associates' goods and services prior to receiving the telemarketing calls at issue.

<u>Calls to Plaintiff</u>

22. Plaintiff's telephone number, 404-XXX-XXXX, is a cellular telephone line.

23. Despite this, Ms. Thomas received at least four pre-recorded telemarketing calls from Tobias & Associates.

24. The calls occurred on May 14, 20, 23, July 9, 2024.

25. All of the calls were pre-recorded messages asking the Plaintiff to call the same number, (833) 867-3774.

26. The pre-recorded message stated the same general message:

> I am calling you with an urgent update. You may qualify for a $6,400 health subsidy to cover your essential living costs. Please note that this offer is time sensitive and the eligibility period ends today. This subsidy is available to individuals under 64 with an annual income under $50,000 not currently enrolled in Medicare or Medicaid. If you meet these criteria and want to claim your subsidy before the end of [Month] 2024, press 1 now to speak with our support team…

27. The calls were clearly pre-recorded because (a) there was a long delay before the robot spoke (b) the voice was that of a robot (c) the pre-recorded message included options to press a button

28. There was no response.

29. The Plaintiff called the number that called her back and spoke with individuals employed by the Defendant.

30. The Plaintiff was offered the Defendant's health insurance services.

31. Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines from legitimate communication.

## CLASS ACTION ALLEGATIONS

32. Plaintiff bring this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 2:

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) received calls from or on behalf of Defendant (2) made from or to Florida (3) using a pre-recorded voice message

> **Telephone Consumer Protection Act Robocall Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) received calls from or on behalf of Defendant on their cellular or residential telephone number (2) using a pre-recorded voice message.

33. Defendant and its employees or agents are excluded from the Classes. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

34. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

**Numerosity**

35. Members of the Classes are so numerous that their individual joinder is impracticable.

36. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Classes number in the thousands.

37. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

38. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

**Commonality**

39. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

40. Common legal and factual questions include, but are not limited to, whether Defendant violated the Telephone Consumer Protection Act or Florida Telephone Solicitation Act and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

**Typicality**

41. The claims of the named Plaintiff are typical of the claims of the Classes because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them her consent to receive such calls.

**Adequacy of Representation**

42. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

43. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

**Superiority**

44. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

45. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

46. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

47. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

48. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

49. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

50. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 49 as if fully set forth herein.

51. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

52. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

53. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

54. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

55. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

56. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection and dialing of telephone numbers and/or playing of a recorded message.

57. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**COUNT II**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Robocall Class)**

58. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 49 as if fully set forth herein.

59. Defendant transmitted unwanted solicitation telephone calls to Plaintiff and the other members of the Robocall Class using a pre-recorded voice message, or others did so on its behalf.

60. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Robocall Class.

61. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii) and/or 47 U.S.C. § 227(b)(1)(B). As a result of Defendant's conduct, Plaintiff and the other members of the Robocall Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

B. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

C. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: September 20, 2024

PLAINTIFF, on behalf of herself
and others similarly situated,

*/s/ Avi R. Kaufman*

Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Plaintiff and the proposed classes*