**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:24-CV-81155-AMC**

TEMIRIAM THOMAS, on behalf of
herself and all others similarly situated,

Plaintiff,

v.

TOBIAS & ASSOCIATES, INC., d/b/a
Getmehealthcare,

Defendant.
_______________________________________/

**DEFENDANT TOBIAS & ASSOCIATES, INC.'S MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS**

Defendant Tobias & Associates, Inc., d/b/a Getmehealthcare ("Defendant" or "Tobias") respectfully moves to dismiss the Complaint as to all injunctive relief claims pursuant to Fed. R. Civ. P. 12(b)(1); and moves to strike  the Plaintiff's Rule 23(b)(2) injunctive relief class pursuant to Fed. R. Civ. P. 12(f) and 23(c)(1).

## I. INTRODUCTION

The Complaint must be dismissed as it relies upon non-existent legal duties and deficient facts.  As such,, all injunctive relief claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff fails to plead any basis that the alleged wrongful conduct is ongoing or anything more than an isolated set of telephone calls that occurred more than four (4) months ago.  In the absence of alleged ongoing harm, Plaintiff lacks Article III standing to seek injunctive relief.

Additionally, the Court must strike Plaintiff's Rule 23(b)(2) injunctive relief class pursuant to Fed. R. Civ. P. 12(f) and 23(c)(1) because Plaintiff seeks monetary statutory damages on behalf of herself and others similarly situated that are not merely incidental to injunctive relief, as required to maintain a class pursuant to Fed. R. Civ. P. 23(b)(2).

For these reasons, the injunctive relief claims should be dismissed and the class allegations must be stricken.

## II. RELEVANT BACKGROUND

This is a putative class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA"). Plaintiff alleges that she received four pre-recorded telephone calls from Tobias in May and July, 2024, without her having provided consent to receive these calls. (Complaint, ECF No. 1 at ¶24.) Plaintiff does not identify any communications occurring at any time after July, 2024. *See generally id.*

The Complaint seeks statutory damages for Plaintiff and the putative class members under the FTSA pursuant to Fla. Stat. § 501.059(10(a) in the minimum amount of $500.00. The Complaint also seeks statutory damages for Plaintiff and the putative class members under the TCPA pursuant to 47 U.S.C. § 227(b)(1)(A and (B) in the minimum amount of $500, and up to $1,500.00. (Complaint, ECF No. 1 at ¶¶57, 61 and Prayer for Relief at (A).) Plaintiff also seeks injunctive relief against Tobias "against future calls." *Id*. at ¶¶57, 61.

The portions of the Complaint seeking injunctive relief must be dismissed because Plaintiff has not pled (and cannot plead) any basis that the alleged wrongful conduct is ongoing or anything more than an isolated set of calls that allegedly occurred in May and July, 2024. Because the

Complaint fails to allege any prospect of future harm, any claim for injunctive relief must also be dismissed because Plaintiff lacks Article III standing with respect to any such injunctive relief.

For the same reasons, Plaintiff's Rule 23(b)(2) class must be stricken. The Complaint seemingly asserts classes based on both Fed. R. Civ. P. 23(b)(2) and (b)(3) because it seeks both statutory money damages and injunctive relief. However, Plaintiff's claim for significant statutory damages demonstrates that this action is predicated on monetary relief – or in the least, monetary damages are not merely "incidental" to injunctive relief, as required to maintain a class pursuant to Rule 23(b)(2). Therefore, Tobias also moves for an Order striking Plaintiff's class claims as asserted pursuant to Fed. R. Civ. P. 23(b)(2).

## III. <u>STATEMENT OF FACTS AS PLED IN THE COMPLAINT</u>

Plaintiff is an individual. (Complaint, ECF No. 1 at ¶6.) Tobias is a Florida corporation located in this District. *Id.* at ¶7. Plaintiff has not sought out information about Tobais' goods or services prior to receiving the telephone calls at issue. *Id.* at ¶21. Plaintiff's telephone number starting with 404 is a cellular telephone number. *Id.* at ¶22.

Plaintiff alleges that she received four pre-recorded message calls from Tobias on May 14, 20, 23 and July 9, 2024. (Complaint, ECF No. 1 at ¶24) Plaintiff does not allege to have received any calls associated with Tobias after that time.

## IV. <u>STANDARD OF REVIEW</u>

To demonstrate Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Whether a party has Article III standing is a threshold jurisdictional issue that courts must address before reaching the merits of a case. *See, e.g.*, *Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't Treas.*, 773 F.3d 243, 245 (11th Cir. 2014)

(discussing threshold nature of standing). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. . . . The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016).

A motion to dismiss for lack of Article III standing is properly brought as a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See Malgeri v. Vitamins Because LLC*, 19-22702-CIV, 2022 WL 16635274, at *6 (S.D. Fla. Sept. 30, 2022). Under Fed. R. Civ. P. 12(b)(1), a defendant may attack subject matter jurisdiction in one of two ways, "facially or factually". *Id*. A facial challenge looks merely at the four corners of the Complaint, whereas a factual challenge (which can be raised at any time) considers matters outside the pleadings. *See id.* (discussing difference between facial and factual challenge) (internal citations omitted).

## V. ARGUMENT FOR DISMISSAL OF INJUNCTIVE RELIEF & STRIKING OF CLASS

### A. Plaintiff Lacks Article III Standing to Seek Injunctive Relief

Here, the face of the Complaint demonstrates that Plaintiff lacks Article III standing to seek injunctive relief, which would require her to establish "continuing, present adverse effects" traceable to Launch's conduct. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *see also Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1251–52 (S.D. Fla. 2019) (dismissing request for injunctive relief in TCPA case for lack of standing where there was nothing suggesting possible future injuries).

Plaintiff has not and cannot establish the requisite conduct to create Article III standing to seek injunctive relief. Plaintiff alleges that she received four pre-recorded telephone calls from Tobias in May and July, 2024. (Complaint, ECF No. 1 at ¶24.) Plaintiff does not identify any

communications occurring at any time after July, 2024. Plaintiff fails to allege any continuing or possible future injury. Because Plaintiff "lacks [Article III] standing to bring the asserted claims on his own behalf" against Tobias, she also "lacks standing to represent a class asserting such claims." *Atkinson v. Wal-Mart Stores, Inc.*, 2009 WL 1458020, at *4 (M.D. Fla. May 26, 2009).

In *Zononi v CHW Group, Inc.*, 22-CV-14358, 2023 WL 2667941, at *5 (S.D. Fla Mar. 7, 2023), this District held that similar allegations of injunctive relief in the operative pleading militate in favor of dismissal:

> Here, Defendant argues the FAC fails to allege facts that show a likelihood of future injury, and the request for injunctive relief should therefore be dismissed. The Court agrees. After reviewing the FAC, the Court finds no allegations to suggest a threat of future injury, other than the mere fact of past injuries. Without more, past injuries alone do not suffice. The Court notes that Plaintiff submitted no argument to oppose Defendant's request for dismissal of the injunctive relief request. As such, the Court recommends the Motion be granted as to all requests for injunctive relief.

(Internal citations omitted.)

The same result is compelled here, and the Complaint is properly dismissed as to all requests for injunctive relief.

**B. The Rule 23(b)(2) injunctive relief class fails because monetary relief is the primary relief sought.**

To the extent that Plaintiff's injunctive relief claims are not dismissed, they nonetheless cannot be asserted through a Fed. R. Civ. P. 23(b)(2) class because the impetus of this suit is the recovery of statutory damages. "The court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Moreover, under Fed. R. Civ. P. 23(c)(1)(A), "[w]here the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on this issue prior to the filing of a motion for class certification." *Vandenbrink v. State Farm Mut. Auto. Ins. Co.*, Case No. 8:12-CV-897-T-30TBM, 2012 WL 3156596, at *3 (M.D. Fla. Aug. 3, 2012); *Dennis v. Whirlpool*

*Corp.*, Case No. 06-80784-CIV, 2007 WL 9701826, at *2 (S.D. Fla. Mar. 13, 2007) ("[A] court may strike class allegations as soon as 'practicable.'"). Fed. R. Civ. P. 23 "plainly indicates that the court may decide to reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23." *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013).

A class established pursuant to Fed. R. Civ. P. 23(b)(2) addresses injunctive, not monetary, relief – where "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Notably, Fed. R. Civ. P. 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011). *See also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) ("[M]onetary relief … is only available in a Rule 23(b)(2) class action if it is incidental to the requested injunctive or declaratory relief."). This distinction is important, because permitting Plaintiff to pursue a Fed. R. Civ. P. 23(b)(2) class would sidestep the due-process "procedural protections attending the (b)(3) class – predominance, superiority, mandatory notice, and the right to opt out." *Dukes*, 654 U.S. at 361.

Courts have repeatedly rejected Fed. R. Civ. P. 23(b)(2) certification for class claims seeking statutory damages under the TCPA. For instance, in a TCPA class action seeking certification pursuant to both Rules 23(b)(3) and (b)(2), this District held: "Because the Court finds that monetary damages, and not the injunctive relief sought, is the predominate remedy requested for the class, the proposed class may not be certified under Rule 23(b)(2)." *Cabrera v. Gov't Emps. Ins. Co.*, Case No. 12-61390-CIV, 2014 WL 11894430, at *4 (S.D. Fla. Sept. 29, 2014). *See also Jacobs v. Quicken Loans, Inc.*, Case No. 15-81386-CIV, 2017 WL 4838567, at *4 (S.D. Fla. Oct. 19, 2017) ("Here, the predominant relief is monetary, and Plaintiff's claim arises from one

telephone call. Plaintiff does not explain how injunctive relief is primary."); *Connelly v. Hilton Grand Vacations Co., LLC*, 294 F.R.D. 574, 579 (S.D. Cal. 2013) ("In this suit, each plaintiff is independently entitled to statutory damages under the TCPA of $500 to $1500 per unlawful call. Thus, Plaintiffs' TCPA claims are ineligible for Rule 23(b)(2) certification, regardless of Plaintiffs' parallel request for injunctive relief.") (internal citations omitted).

In addition, courts have found it appropriate to strike Rule 23(b)(2) TCPA classes at the pleadings stage pursuant to the fundamental precept that sizable statutory damages cannot be merely incidental to the purported need for injunctive relief. For example, in a recent decision involving a motion to strike class allegations from a TCPA complaint, a court reasoned:

> Zoulek's complaint seeks both equitable and monetary relief. The monetary relief she seeks, however, is obviously not auxiliary to the injunction she also requests; it is the lawsuit's principal aim and not capable of mechanical computation. On its face, then, the complaint is incapable of identifying a class that would be properly certified under Rule 23(b)(2). For that reason, Zoulek's class allegations related to certification under Rule 23(b)(2) are stricken.

*Zoulek v. Gannett Co Inc.*, Case No. 22-CV-1464-BHL, 2023 WL 3568359, at *3 (E.D. Wis. May 18, 2023) (cleaned up). Another court similarly acknowledged:

> Plaintiffs bring this action under the TCPA, which provides for statutory damages for every violation of the Act. In cases such as this one, the monetary tail would be wagging the injunction dog. An injunction is not a final remedy in cases such as this, where the injunction merely lays an evidentiary foundation for subsequent determinations of liability. Thus, Plaintiffs' class allegations in regards to Rule 23(b)(2) are stricken.

*Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 293 (N.D. Ill. 2014) (cleaned up). *See also Progressive Health & Rehab Corp. v. Quinn Med., Inc.*, 323 F.R.D. 242, 248 (S.D. Ohio 2017) ("Contrary to Plaintiff's argument, no amount of discovery will show that these [TCPA] monetary damages are incidental to Plaintiff's injunctive claim… The Court therefore GRANTS Defendant's Motion to Strike as it pertains to Plaintiff's allegations sounding in Rule 23(b)(2)").

The very nature of a TCPA class action, seeking statutory damages on a per call basis for each putative class member, precludes the certification of an injunctive relief class. Unless Plaintiff disclaims the class request for statutory damages, Tobias respectfully submits that the Fed. R. Civ. P. 23(b)(2) class should be stricken from the pleadings.

**CONCLUSION**

Plaintiff's allegations in the Complaint do not meet the pleading standard as they are based on non-existent legal duties and insufficient and deficient facts. Further, all injunctive relief claims should be dismissed because Plaintiff fails to allege (because she cannot) that wrongful conduct is ongoing. For the foregoing reasons, Defendant Tobias & Associates, Inc. respectfully moves to (i) dismiss the Complaint as to all claims for injunctive relief pursuant to Fed. R. Civ. P. 12(b)(1), and (ii) strike Plaintiff's Rule 23(b)(2) class from the Complaint pursuant to Fed. R. Civ. P. 12(f) and 23(c)(1).

Respectfully submitted,

ROIG LAWYERS
201 S. Biscayne Blvd., 28th Floor
Miami, FL 33131
Tel: (305) 405-0997
nbellido@roiglawyers.com
pleadings@roiglawyers.com

By: /s/Nelson C. Bellido
NELSON C. BELLIDO
Florida Bar No. 974048

*Attorneys for Defendant Tobias & Associates, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 13, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/Nelson C. Bellido
NELSON C. BELLIDO
Florida Bar No. 974048