**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:24-CV-81155-AMC**

TEMIRIAM THOMAS, on behalf of
herself and all others similarly situated,

Plaintiff,

v.

TOBIAS & ASSOCIATES, INC.,
d/b/a GETMEHEALTHCARE,

Defendant.
_______________________________________/

**DEFENDANT TOBIAS & ASSOCIATES, INC. d/b/a GETMEHEALTHCARE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Tobias & Associates, Inc. d/b/a GetMeHealthcare ("Defendant" or "Tobias") by and through undersigned counsel, files this Answer and Affirmative Defenses to Plaintiff Temiriam Thomas' Class Action Complaint (ECF No. 1) ("Complaint") as follows:

1. The allegations contained in paragraph 1 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA").

2. Defendant lacks knowledge or information sufficient to admit or deny why Plaintiff brings this case. Defendant denies each and every other allegation in paragraph 2 of the Complaint.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies that this case is proper for class-based adjudication.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint, and therefore denies the same.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits that this Court has federal question jurisdiction over claims asserted pursuant to the TCPA.

9. Defendant admits that this Court has general jurisdiction over it because it is located in this District.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. The allegations contained in paragraph 11 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

12. The allegations contained in paragraph 12 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

13. The allegations contained in paragraph 13 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

14. The allegations contained in paragraph 14 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

15. The allegations contained in paragraph 15 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

16. The allegations contained in paragraph 16 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA.

17. The allegations contained in paragraph 17 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA.

18. The allegations contained in paragraph 18 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA.

19. The allegations contained in paragraph 19 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA.

20. The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that 47 U.S.C. §153(39) contains a definition of "person" but otherwise denies each and every remaining allegation contained in this paragraph.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 22 of the Complaint, and therefore denies the same.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. In response to paragraph 32 of the Complaint, Defendant denies that the proposed class definitions by Plaintiff are appropriate. Answering further, Defendant denies that this case is proper for class-based adjudication.

33. The allegations contained in paragraph 33 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies that this case is proper for class-based adjudication.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 50 of the Complaint.

51. The allegations contained in paragraph 51 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies that this case is proper for class-based adjudication.

52. The allegations contained in paragraph 52 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA.

53. The allegations contained in paragraph 53 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief for which she prays in the unnumbered wherefore clause following paragraph 61. Defendant prays that Plaintiff's Complaint be dismissed with prejudice, and the Court award Defendant the costs of this action and expenses, including reasonable attorneys' fees.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because the alleged telephone calls were not placed by the Defendant, Defendant's agent, or any other entity for which Defendant may be vicariously liable under the TCPA.

3. Plaintiff's Complaint is barred to the extent it purports to bring claims on behalf of any individuals other than Temiriam Thomas. She is the only named Plaintiff and the Complaint fails to state a claim for class action certification under Fed. R. Civ. P. 23.

4. Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

5. Plaintiff lacks standing to bring this action because she has not suffered an injury-in-fact as a result of any conduct by Defendant.

6. Plaintiff failed to join necessary and/or indispensable parties.

7. Plaintiff is not the real party in interest.

8. The imposition of statutory damages against Defendant under the TCPA would violate the Due Process Provision of the United States Constitution.

9. Plaintiff's claims are barred to the extent she is not a called party within the meaning of the TCPA.

10. Plaintiff's claims are barred because any telephone calls alleged to have violated the TCPA occurred with prior consent.

11. Plaintiff has an established business relationship with Defendant.

12. Defendant acted in good faith, and has established procedures, to avoid any violations of the law. Any violations of the law were the result of a bona fide error.

13. Plaintiff's claims are barred to the extent that any alleged injuries were the result, in whole or in part, of the conduct, negligence, acts, or omissions of Plaintiff or the putative class members.

14. Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver, estoppel and equity.

15. To the extent there was any violation of the TCPA, which Defendant denies, such violation was the result of conduct of a third-party with whom Defendant has no relationship or who acted outside the scope of any legal authority and/or agency.

16. To the extent there was any violation of the TCPA by Defendant, which Defendant denies, Defendant shall be liable for no more than a $500.00 penalty as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

17. To the extent there was any violation of the TCPA by Defendant, which Defendant denies, Defendant shall be liable for no more than a $500.00 penalty as Defendant denies that it willfully or knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The statutory damages provisions of the TCPA violate the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, in addition to violating the due process clause of the Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm that may be suffered by Plaintiff and the putative class members.

19. Claims of the putative classes are barred, in whole or part, by the applicable statute of limitations.

20. The Court lacks jurisdiction over the claims of the putative class.

21. The putative class should not be certified because the case would be unmanageable if the classes as defined by the Complaint were to be certified.

22. The putative class should not be certified because common issues of law and fact do not exist as required by Fed. R. Civ. P. 23(a)(2).

23. The putative class should not be certified because the claims of Plaintiff are not typical as required by Fed. R. Civ. P. 23(a)(3).

24. The putative class should not be certified because Plaintiff is not an adequate class representative as required by Fed. R. Civ. P. 23(a)(4).

25. The putative class should not be certified because common questions of law and fact do not predominate as required by Fed. R. Civ. P. 23(b)(3).

26. The putative class should not be certified because individual questions of law and fact predominate over issues common to the putative classes.

27. A class action should not be certified because it is not the superior method to adjudicate this controversy because the facts and circumstances of each putative class member differ.

28. The putative class members lack standing to bring this action because they have not suffered an injury-in-fact as a result of any conduct by Defendant.

29. A class action should not be certified because notice cannot be reasonably sent.

30. A class action should not be certified because the class as defined is an improper fail-safe class requiring individual inquiry about whether each putative class member consented to receive telephone calls.

WHEREFORE, Defendant, Tobias & Associates, Inc., d/b/a Getmehealthcare, respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice, and award Defendant the costs of this action and expenses, including reasonable attorneys' fees.

Respectfully submitted,

ROIG LAWYERS
201 S. Biscayne Blvd., 28th Floor
Miami, FL 33131
Tel: (305) 405-0997
nbellido@roiglawyers.com
pleadings@roiglawyers.com

By: /s/NELSON C. BELLIDO
NELSON C. BELLIDO
Florida Bar No. 974048

*Attorneys for Defendant Tobias & Associates, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/Nelson C. Bellido
NELSON C. BELLIDO
Florida Bar No. 974048